CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
 Harrisonburg
OCT 30 2008
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| BRENDA A. ANDREWS, ) | |
| ) | Civil Action No. 5:08CV00036 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | By: Honorable Glen E. Conrad |
| ) | United States District Judge |
| Defendant. ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" as to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Brenda A. Andrews, was born on October 6, 1950, and eventually completed her high school education. Mrs. Andrews has worked as a manager of an apartment complex. She last worked in 2005. On March 21, 2006, plaintiff filed an application for a period of disability and disability insurance benefits. Mrs. Andrews alleged that she became disabled for all forms of substantial gainful employment on July 15, 2005 due to osteoarthritis, chronic lymphocytic leukemia, fibromyalgia, depression, flat feet, bunions, carpel tunnel syndrome, left rotator cuff problems, high blood pressure, and heart condition. Plaintiff now maintains that she has remained disabled to the present time. The record reveals that Mrs. Andrews met the insured status requirements of the Social

Security Act at all relevant times covered by the final decision of the Commissioner. See, gen., 42 U.S.C. § 423.

Plaintiff's claim was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated June 22, 2007, the Law Judge also determined that Mrs. Andrews is not disabled. The Law Judge found that plaintiff suffers from osteoarthritis, depression, anxiety, chronic lymphocytic leukemia, bilateral carpel tunnel syndrome, flat feet, rotator cuff syndrome, and high blood pressure. Based on this combination of impairments, the Law Judge ruled that plaintiff is disabled for her past relevant work activity as an apartment complex manager. However, the Law Judge held that Mrs. Andrews retains sufficient functional capacity to perform exertional activities at the medium, light, and sedentary levels. The Law Judge assessed plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to occasionally lift and carry 50 pounds, frequently lift and carry 25 pounds and sit, stand and walk for 6 hours in an 8 hour workday. The claimant has a fair ability to: remember locations and work related procedures, understand, remember and carry out short, simple instructions, maintain attention and concentration for extended periods, perform activities within a schedule, maintain regular attendance and be punctual, sustain an ordinary routine without special supervision, work with or near others without being distracted by them, make simple work related decisions, complete a normal workday or workweek, perform at a consistent pace, ask simple questions or request assistance, accept instructions and respond appropriately to supervisors, get along with co-workers and peers, maintain socially appropriate behavior, adhere to basic neatness and cleanliness, respond appropriately to changes in the work setting, be aware of normal hazards and take appropriate precautions, set realistic goal or make plans independently of others. She has fair to poor ability to travel in an unfamiliar place or use public transportation and she has a poor ability to understand, remember and carry out detailed instructions and a poor ability to interact appropriately with the public.

(TR 22). Given such a residual functional capacity, and after considering plaintiff's age, education and prior work experience, as well as testimony from a vocational expert, the Law Judge found that

2

Mrs. Andrews retains sufficient functional capacity to perform several specific work roles existing in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Mrs. Andrews is not disabled, and that she is not entitled to a period of disability or disability insurance benefits. See 20 C.F.R. § 404.1520(g). Sometime after the issuance of the Law Judge's opinion, plaintiff submitted additional medical evidence to the Social Security Administration's Appeals Council. However, the Appeals Council subsequently adopted the Law Judge's opinion as the final decision of the Commissioner. Having exhausted all available administrative remedies, Mrs. Andrews has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. For purposes of this opinion, the court assumes that the Administrative Law Judge correctly determined that while Mrs. Andrews is disabled for past relevant work, she retains the physical capacity to perform several light and sedentary work roles. However, the court is unable to determine that the Commissioner properly

3

assessed the functional impact of plaintiff's nonexertional impairments caused by depression and anxiety.

It seems that Mrs. Andrews has received treatment for emotional symptomatology over a period of several years. The court believes that the Administrative Law Judge properly determined that the earlier treatment notes do not demonstrate the existence of any severe impairment. However, in more recent years, plaintiff has been treated at the Rockingham Memorial Hospital Center for Behavioral Health, under the primary care of Dr. Jeffrey Lightner, a psychiatrist. On March 14, 2007, Dr. Lightner submitted a medical source statement of plaintiff's ability to do work-related activities. (TR 254-56). It is essentially undisputed that Dr. Lightener's report indicates that Mrs. Andrews is unable to engage in any form of work activity. The vocational expert testified to this effect at the time of the administrative hearing. (TR 369).

The Administrative Law Judge rejected Dr. Lightner's findings as to the extent of plaintiff's emotional dysfunction. Instead, the Administrative Law Judge relied on assessments by nonexamining state agency psychologists, as well as testimony from Dr. Robert Muller, a clinical psychologist, who testified at the more recent administrative hearing. Dr. Muller disagreed with Dr. Lightner's assessment as to the extent of plaintiff's work-related emotional limitations. (TR 361-64). The transcript of the administrative hearing sets forth the following exchange between the Administrative Law Judge and Dr. Muller:

> Q[ALJ]: Were there any medical records from Dr. Lightner?
>
> A[Muller]: Not that I have, Your Honor.
>
> Q: All right. Okay.

4

| | | |
|---|---|---|
| A: | | So, in summary, Your Honor, this is an individual who has a well-documented history of depression, but in terms of Social Security, they're looking at the severity of such symptoms. |
| Q: | | Well, let me ask you a question, as we go along with Dr. Lightner's assessment. Were any of the medical records that existed or that we have here, as it relates to a psychological condition, corroborative of the level of functional impact that he indicated in his assessment? |
| A: | | No, I don't see her as having impairments significant enough to meet Social Security listings, based on my knowledge at least. |

(TR 360).

At the conclusion of the administrative hearing, plaintiff's attorney indicated that he had made efforts to obtain Dr. Lightner's clinical notes and assessments. (TR 370). The attorney went on to indicate that he had experienced difficulty inasmuch as Dr. Lightner is employed by a corporation, and that it is more difficult to obtain medical documentation from that larger entity. (TR 371).

As previously noted, following the Law Judge's decision, Mrs. Andrews submitted new medical evidence to the Social Security Administration's Appeals Council for consideration in connection with her request for review of the Law Judge's opinion. The new medical evidence includes the reports generated by Dr. Lightner and his associates at the Rockingham Memorial Hospital Valley Behavioral Medicine Clinic. These records establish that Mrs. Andrews was seen at the clinic on at least eight occasions between February of 2007 and October of 2007. The clinical notes include detailed descriptions of plaintiff's symptoms, mental status, and diagnosis. Also included are notations of manifestations of plaintiff's depressive symptomatology.

After receiving the new evidence, the Appeals Council offered the following statement in its letter adopting the Law Judge's opinion as the final decision of the Commissioner:

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council.
>
> We found that this information does not provide a basis for changing the Administrative Law Judge's decision.

(TR 6).

This court has consistently held that if the Appeals Council ostensibly considers new, "interim" evidence in denying review of a claim, it is incumbent on the Appeals Council to give some reasons for finding that the "interim" evidence does not justify further administrative action. See Alexander v. Apfel, 14 F. Supp. 2d 839, 843 (W.D.Va. 1998). In Stawls v. Califano, 596 F.2d 1209 (4th Cir. 1979), a case with a slightly different procedural background than the instant case,[2] the Court ruled as follows:

> The Secretary stated that he considered all of the evidence in the record, including the post-June 30, 1962 evidence. Even assuming that schizophrenia is progressive in nature, proof that appellant was disabled due to schizophrenia after June 30, 1962 is probative of the fact that she may have been disabled due to schizophrenia before June 30, 1962, although it is not conclusive. But neither the opinion of the administrative law judge nor that of the Appeals Council indicates the weight afforded the post-June 30, 1962 evidence. As we have stated on more than one occasion, <u>the Secretary must indicate explicitly that all relevant evidence has been weighed and its weight</u>.

596 F.2d at 1213(citations omitted)(emphasis added). As noted by the Fourth Circuit in DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983),"[j]udicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator."

The court notes that the Commissioner often cites Wilkins v. Secretary, 953 F.2d 93 (4th Cir. 1991) in support of the proposition that the Appeals Council is not required to give reasons for denying a claimant's request for review. The court does not believe that the decision in Wilkins

---

[2] In Stawls, the claimant tendered to the Appeals Council letters from several psychiatrists who had previously submitted reports in the case. The letters dealt with the onset of plaintiff's psychiatric disability. Unlike the present case, the Appeals Council in Stawls granted the request for review. The Appeals Council stated "after considering this additional evidence, the Council is of the opinion that it does not show that you were under a 'disability' which began on or before the date you were last insured and which existed continuously to a time within the effective life of your application." 596 F.2d at 1212.

supports the Commissioner's position. In Wilkins, the Court held that the Commissioner must consider "interim" evidence presented to the Appeals Council, if that evidence relates to the issue of disability during the period of time adjudicated by the Law Judge. In Wilkins, the Appeals Council had considered the "interim" evidence, but denied further review without setting forth specific findings as to the weight accorded the new evidence. Upon its own consideration of the "interim" evidence, the Fourth Circuit found that the record clearly supported Wilkins' application for benefits. Accordingly, the Fourth Circuit reversed the Commissioner without requiring additional administrative proceedings.[3] The court does not believe that the decision in Wilkins speaks to the situation in which the "interim" evidence merely serves to create a conflict with other evidence already of record. In that circumstance, the court believes that it is still necessary for the Commissioner to indicate his reasons in support of the resolution of the factual conflicts, so that the court may undertake a meaningful substantial evidence review.

In the instant case, both the Law Judge and the medical expert who testified at the administrative hearing recognized that the absence of supporting documentation detracted from the weight that could reasonably be accorded to Dr. Lightner's findings as to the extent of plaintiff's work-related emotional limitations. In his opinion, the Administrative Law Judge offered the following comments in weighing the work-related findings of Dr. Muller and those of Dr. Lightner:

> As for opinion evidence, the undersigned gave great weight to the opinions of the State agency consultants, who determined that she was capable of performing medium level work. Their opinions are supported by the objective medical evidence. Accordingly, the undersigned finds that the claimant has the residual functional

---

[3] This court has adopted the same approach in numerous social security appeals when it is clear upon review of "interim" evidence that the Commissioner's underlying decision is, or is not, supported by substantial evidence. However, the court is of the opinion that this sort of analysis is not appropriate when the "interim" evidence is not conclusive and merely serves to create further conflict in the administrative record.

7

capacity to perform medium level work. This finding is consistent with the objective credible medical evidence of record, when considered as a whole. Great weight was also given to Dr. Muller's opinion regarding the claimant's mental abilities related to work. His opinion is based on his review of the claimant's mental health records along with the claimant's testimony and the undersigned finds that it is consistent with the record as a whole. Less weight was given to Dr. Lightner's opinion as it is not consistent with the existing mental health treatment records. Moreover, there are no mental health treatment records from Dr. Lightner to support his opinion. The claimant's representative stated that numerous attempts to get treatment records from Dr. Lightner were unsuccessful.

(TR 28).

Given these circumstances, the court believes that Mrs. Andrews has established "good cause" for remand of her case to the Commissioner for further consideration. It is clear that the Administrative Law Judge discounted Dr. Lightner's findings as to the extent of plaintiff's work-related emotional limitations because he was unable to determine whether plaintiff had been seen by Dr. Lightner on any regular basis. Stated differently, as presented to the Administrative Law Judge, the record did not establish whether Dr. Lightner qualified as a "treating physician" for purposes of 20 C.F.R. § 404.1527.[4] Inasmuch as Dr. Muller did not evaluate plaintiff in a clinical setting, and had not provided treatment at any time, Dr. Lightner's qualification as a "treating physician" is critical to a proper adjudication of plaintiff's claim for benefits. None of these substantive issues were addressed or resolved by the Appeals Council's cryptic reference to the medical evidence submitted by plaintiff.

On the other hand, the court recognizes that the Appeals Council might reasonably have determined that the "backup" documentation was not such as to support Dr. Lightner's assessment as to the extent of plaintiff's work-related emotional limitations. Many of the notes generated at the

---

[4] Under 20 C.F.R. § 404.1527(d)(1) and (2), it is provided that greater weight should be accorded to opinions from physicians who have actually examined and treated a claimant.

8

clinic suggest that plaintiff's depression is situational, and does not represent a permanent and disabling psychiatric condition. In short, it would seem that disposition of this case turns on the value to be accorded to the clinical notes from Valley Behavioral Medicine Clinic. If the notes are viewed as establishing the length and regularity of Dr. Lightner's treatment of Mrs. Andrews, the new evidence should have some bearing as to the weight to be accorded to Dr. Lightner's opinion vis-à-vis that of Dr. Muller. If the clinical notes are viewed as merely expanding the medical record of plaintiff's psychiatric dysfunction, it would seem appropriate for the Commissioner to conduct a new administrative hearing so that a medical expert may consider and evaluate the significance of the psychiatric observations made during this period of time. In either case, however, it is clear that the submission of the new notes necessitated a more comprehensive and meaningful response than that submitted by the Appeals Council. At the very minimum, in light of the particular features of Mrs. Andrews' case, it does not seem unreasonable to expect the Appeals Council to have shared its reasons for its treatment of the new evidence, and for its ruling that the backup documentation of Dr. Lightner's treatment does not necessitate any change in the Law Judge's opinion. The court finds "good cause" for remand of this case for such a purpose.

For the reasons stated, the court finds that plaintiff has established "good cause" for remand of her case to the Commissioner for further development and consideration. An appropriate order of remand will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 30th day of October, 2008.

_____
United States District Judge

9